## Markley Estate

*William A. O'Donnell, Jr.,* for accountant.

*Allen R. Keely,* for claimant.

TAXIS, P. J., April 5, 1960.—William S. Markley, the settlor, by indenture dated July 20, 1927, entered into an agreement of trust with the National Iron Bank of Pottstown, as trustee, and delivered to the trustee as the corpus of the trust certain bonds set forth in schedule A attached to said indenture; with provision that the trustee was to pay the income of the trust to settlor during his lifetime, and at his death to pay the income to his wife, Flora D. Markley, during her lifetime, and, at the death of both settlor and his wife, to distribute the corpus of the trust fund according to the terms of his will dated June 14, 1927. By its terms the trust was irrevocable. It became operative during the lifetime of settlor, and, after his death, during the lifetime of his wife Flora. Both are now deceased.

The will of June 14, 1927, referred to in the deed, was in existence at the execution of the deed of trust, and a copy of said will was offered in evidence at the audit and is hereto attached. Settlor, however, left as

his last will and testament a will dated July 30, 1937, which was probated in the State of California of which the settlor died a resident. A copy of this will was also offered in evidence at the audit and is hereto attached. Some of the legatees in the probated will are not named in the will mentioned in the deed of trust, and paragraph fifth of the probated will reads:

"Under date of July 20, 1927, I created a certain irrevocable living trust agreement, in which Trust Agreement I named the National Iron Bank of Pottstown as Trustee, the income from said trust fund being payable unto myself during my lifetime, and at my death unto my beloved wife, and in which trust Agreement, I mentioned the last Will and Testament dated June 14, 1927, and I hereby specifically set forth that this my present Will shall take place of the Will which I executed under date of June 14, 1927, and mentioned in said Trust Agreement."

The question now arising is whether the will of 1927 was incorporated by reference in the deed of trust in such manner that the terms of the probated will were ineffective to revoke it to the extent of such terms. The deed, together with those provisions of the will, as they existed at the time of the execution of the deed, constituted the entire instrument. Whether the settlor would have been successful in revoking or modifying any of its terms by the institution of a court action is conjectural. The fact remains that he did not pursue such a course, and his effort to obtain such a revocation or modification by provisions of his last will must be ineffective. The accountant is directed to make distribution under the terms of the unprobated will of June 14, 1927. . .

And now, April 5, 1960, this adjudication is confirmed nisi.